IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELMORE B. CAPERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case Number CIV-10-1096-C |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION
## AND ORDER OF DISMISSAL

Plaintiff filed the present action in state court alleging physical assault. Defendant removed the case to this Court because the case could only be brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq. ("FTCA"). Defendant has now filed a motion, pursuant to Fed. R. Civ. P. 12(b)(1), arguing the Court is without jurisdiction to consider Plaintiff's claims as he failed to comply with the requirements of the FTCA. Defendant argues that because exhaustion of administrative remedies is a jurisdictional prerequisite to filing a court action, Plaintiff's action must be dismissed as premature.

Although the time to respond has passed, Plaintiff has failed to respond or to seek additional time in which to respond. Thus, the Court will consider the well-supported allegations in Defendant's motion as uncontroverted and determine if dismissal is warranted.

Defendant has certified that Mr. Genson was acting in the course and scope of his employment at the time of the alleged tort as required by 28 U.S.C. § 2679. Therefore, Plaintiff's action is governed by 28 U.S.C. § 2675(a), which states in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.*

(emphasis added). Here, Defendant's motion clearly establishes that Plaintiff did not file an administrative claim before he filed his state court case. Thus, Plaintiff failed to comply with the statutory requirements and his claim must be dismissed. See McNeil v. United States, 508 U.S. 106 (1993) (upholding dismissal of FTCA action where it was filed prior to final agency denial). Further, Plaintiff cannot cure the defect merely by filing an Amended Complaint. See Duplan v. Harper, 188 F.3d 1195, 1199 (10th Cir. 1999) ("We agree with the Sparrow court's conclusion that, as a general rule, a premature 'complaint cannot be cured through amendment, but instead, plaintiff must file a new suit.'") (quoting Sparrow v. USPS, 825 F.Supp. 252, 255 (E.D. Cal. 1993)).

Accordingly, as Plaintiff's case was filed prematurely, the Court lacks jurisdiction to consider it. Therefore, Defendant Michael Genson's Motion to Dismiss (Dkt. No. 6) is GRANTED and this matter is DISMISSED without prejudice.

IT IS SO ORDERED this 12th day of November, 2010.

ROBIN J. CAUTHRON
United States District Judge